FORMAN HOLT
365 West Passaic Street, Suite 400
Rochelle Park, NJ 07662
Telephone: (201) 845-1000
Attorneys for Charles M. Forman,
as Chapter 7 Trustee/Plaintiff
Michael E. Holt, Esq.
mholt@formanlaw.com

| | |
|---|---|
| In re: | **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** |
| **PRESTIGE AMERICA MFG CORP.,** | Case No. 21-19297 (VFP) |
| Debtor. | Chapter 7 |
| | Honorable Vincent F. Papalia |
| **CHARLES M. FORMAN, as Chapter 7 Trustee**, | |
| Plaintiff, | Adv. Pro. No. |
| v. | |
| **MERCEDES-BENZ OF WESTMINSTER, MERCEDES BENZ FINANCIAL SERVICES USA LLC, AUTOMOTIVE MANAGEMENT SERVICES, INC., TT OF WESTMINSTER, INC. and MERCEDES-BENZ OF MORRISTOWN,** | |
| Defendants. | |

**ADVERSARY COMPLAINT FOR AVOIDANCE AND RECOVERY OF TRANSFERS OF PROPERTY PURSUANT TO 11 U.S.C. §§ 502, 544, 548 , AND 550 AND N.J.S.A §§ 25:2-25 AND 25:2-27**

Charles M. Forman, the Chapter 7 Trustee (the "Trustee" or "Plaintiff") for the estate of

Prestige America Mfg Corp. (the "Debtor"), by and through the Trustee's counsel, Forman Holt,

complains of defendants Mercedes-Benz of Westminster, Mercedes Benz Financial Services

{F0204224 - 1}

USA LLC, Automotive Management Services, Inc., TT of Westminster, Inc. AND Mercedes-Benz of Morristown, and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157.

2. This is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 157(b)(2)(A), (H), and (O).

3. The venue is proper in this core proceeding pursuant to 28 U.S.C. § 1409.

4. This matter is brought pursuant to the equitable powers of the Court pursuant to 11 U.S.C. §§ 105(a), 502, 544, 548, 550 and Bankruptcy Rule 7001, *et seq.*

## PARTIES

5. Upon information and belief, Defendant Mercedes-Benz of Westminster has offices at 10391 Westminster Boulevard, Westminster, CO 80020.

6. Upon information and belief, Defendant Mercedes-Benz Financial Services USA LLC has offices at 36455 Corporate Drive. Farmington Hills, MI 48331.

7. Upon information and belief, Defendant TT of Westminster Inc. has offices at 10391 Westminster Boulevard, Westminster, CO 80020.

8. Upon information and belief, Defendant Automotive Management Services, Inc. has offices at 505 South Flagler Drive, Suite 1400, West Palm Beach, FL 33401.

9. Upon information and belief, Mercedez-Benz of Morristown has offices at 34 Ridgedale Avenue, Morristown. NJ 07960 (each a "Defendant and collectively the "Defendants").

10. Plaintiff is the Chapter 7 Trustee of the Debtor's estate with a principal place of business at 365 West Passaic Street, Suite 400, Rochelle Park, New Jersey 07662.

## PROCEDURAL BACKGROUND

11. On December 1, 2021 (the "Petition Date"), the Debtor filed a petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

12. On December 2, 2021, Plaintiff was appointed to serve as the Chapter 7 Trustee with the duty, pursuant to 11 U.S.C. § 704 to, among other things, collect and reduce to money the property of the estate.

## BACKGROUND INFORMATION

13. Pre-petition, the Debtor was in the business of selling linens, fabrics, bedding, and other textile products on both a retail and wholesale basis.

14. Hashim R. Syed a/k/a Syed H. Hashmi ("H. Syed") is an insider of the Debtor within the meaning of 11 U.S.C. § 101(31)(B) as the sole owner and an officer.

15. Nighat Syed is an insider of the Debtor within the meaning of 11 U.S.C. § 101(31)(B). based on her marriage to H. Syed.

16. H. Syed transferred $94,556.57 of the Debtor's funds to Automotive Management Inc. for the purchase of a 2020 Mercedes-Benz 5560X4 for H. Syed's personal benefit. Upon information and belief, some or all of the $94,556.57 transferred to Automotive Management was subsequently transferred to one or more of the Defendants.

17. Nighat Syed used $11,500 of the Debtor's funds to purchase a 2015 Mercedes-Bean S63V4 from Mercedes-Benz of Morristown for her personal benefit. H. Syed used another $6,749.88 of the Debtor's funds towards the purchase from Mercedes-Benz of Westminster of a

2020 Mercedes-Benz S560X4 for his personal benefit. The Debtor did not purchase or own that vehicle.

18.  The Debtor's records disclose that on one or more dates during the four years preceding the Petition Date, the Debtor transferred the total of $112,806.45 (each a "Transfer", collectively the "Transfers") to the Defendants in connection with Syed's purchase of the Mercedes. A schedule of the Transfers is annexed hereto as **Exhibit "A"** and incorporated herein.

19.  The Transfers were all made to or for the benefit of the Defendants.

20.  The Transfers were all made with the Debtor's funds from bank accounts that were in the name of the Debtor.

21.  The Defendants did not provide value to the Debtor in exchange for the Transfers.

22.  The Debtor derived no benefit from the Transfers of Nighat Syed's and H. Syed's purchase of the above vehicles.

23.  Alternatively, if the Defendants did provide value in exchange for the Transfers, said value was not reasonably equivalent to the value of the Transfers.

24.  The Debtor was insolvent on a balance sheet basis, ability to pay basis, and/or because the Debtor was engaged in a business for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction, at all relevant times preceding the Petition Date.

25.  Upon information and belief, the Debtor was insolvent from its formation in 2019 until the Petition Date. The Debtor subsisted only from borrowed money, at all times.

26.  H. Syed testified at a deposition that:

> Question (Mr. Loewenstein): Did the Debtor ever operate without having to borrow money?
>
> Answer (Mr. Syed): I would say we were working with the all borrowed money.
>
> Question (Mr. Loewenstein): All borrowed money?
>
> Answer (Mr. Syed): Yes.
>
> Question (Mr. Kartzman): This was from the beginning in 2019 until the end.
>
> Answer (Mr. Syed): Correct. Before 29 [sic] we were doing fine honestly.
>
> Question (Mr. Loewenstein): 2019.
>
> Answer (Mr. Syed): 2019, 2018, before 2018 I would say.
>
> Question (Mr. Loewenstein): That was before the debtor even existed?
>
> Answer (Mr. Syed): Right.

27. The Debtor sold goods on a retail basis as well as on a wholesale basis. The Debtor never filed a sales tax return with the New Jersey Division of Taxation (the "Division"), nor remitted sales tax to the Division.

28. Upon information and belief, at the time of the Transfers the State of New Jersey, Division of Taxation was a creditor of the Debtor and remained so through the Petition Date, in addition to other creditors.

29. Prior to the Petition Date, H. Syed caused the Debtor to make payments totaling $238,185 for the purchase, financing, and leasing of nine luxury vehicles, including theabove vehciles. All of those vehicles were for the personal benefit of H. Syed or other insiders of the Debtor, and not for the Debtor.

30. H. Syed did not have a personal bank account and instead used the Debtor's bank account and funds as his own.

31. Between September 2019 and August 2021, the Debtor's bank statements reveal 66 items rejected for insufficient funds, chargebacks, and returned ACHs totaling $437,273.

32. Upon information and belief, H. Syed, as sole principal of the Debtor, intentionally made the Transfers with full knowledge that the effect of the Transfers would be detrimental to creditors of the Debtor.

33. Upon information and belief, H. Syed, as sole principal of the Debtor, intended to interfere with creditors' normal collection processes or with other affiliated creditor rights for personal or malign ends.

34. Upon information and belief, H. Syed, as sole principal of the Debtor, arranged and consummated transactions that depleted the assets of the Debtor otherwise available to creditors of the Debtor.

35. Upon information and belief, H. Syed, as sole principal of the Debtor, increased the debts of the Debtor, with no corresponding benefit to the Debtor's estate.

36. Plaintiff represents the interests of creditors of the Debtor's estate whose claims arose both before and after the Transfers.

37. The foregoing Transfers were made for the benefit of an insider of the Debtor.

38. The Debtor received no value, nor reasonably equivalent value, on account of the Transfers.

39. The Debtor was insolvent at the time of the Transfers, or became insolvent after the Transfers were made.

40. Plaintiff reserves the right to supplement and amend the allegations of this Complaint including, without limitation, the monetary amounts being sought by including all transfers to or for the benefit of the Defendants within the four-year period preceding the Petition Date.

### FIRST COUNT
### 11 U.S.C. § 548(a)(1)(A) and (B)

41. Plaintiff repeats and realleges the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

42. The Transfers made by the Debtor during the two-year period preceding the Petition Date total $112,806.45.

43. Upon information and belief, the Transfers were made with actual intent to hinder, delay, or defraud the other creditors of the Debtor.

44. The Transfers were made without the Debtor receiving any value, or a reasonably equivalent value in exchange.

45. The Debtor was insolvent or became insolvent at the time of the Transfers, or as a result of the Transfers.

46. Alternatively, the Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital.

47. Alternatively, The Debtor intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

48. Alternatively, the Debtor made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, not in the ordinary course of business.

49. The Transfers were made, using funds belonging to the Debtor.

50. As a result of the Debtor's aforesaid actions, the Transfers made during the two-year period preceding the Petition Date were fraudulent pursuant to 11 U.S.C. § 548(a)(1) of the Bankruptcy Code.

WHEREFORE, Plaintiff Charles M. Forman demands judgment against the Defendants, jointly and severally, as follows:

 (a) Determining that the Transfers were fraudulent and avoidable pursuant to 11 U.S.C. § 548;

 (b) ordering that the Transfers are hereby avoided;

 (c) directing that Defendants surrender and deliver a sum equal to the amount of the Transfers to the Trustee forthwith;

 (d) for costs of suit;

 (e) for pre- and post-judgment interest; and

 (f) for such other relief as the Court may deem just and equitable.

## SECOND COUNT
## 11 U.S.C. § 544/ N.J.S.A. 25:2-25

### NEW JERSEY ACTUAL FRAUD

51. Plaintiff repeats and realleges the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

52. The Debtor did not receive any consideration for the Transfers to the Defendants.

53. Pursuant to 11 U.S.C. §544(b)(1) ". . . [t]he trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title."

54. N.J.S.A. 25:2-25 authorizes present and future creditors to avoid transfers by a debtor based on actual fraud.

55. For all Transfers occurring prior to August 10, 2021:

[a] transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

a. With actual intent to hinder, delay, or defraud any creditor of the debtor . . . .

56. For all Transfers made after August 10, 2021:

a. A transfer made or obligation incurred by a debtor is voidable as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

(1) With actual intent to hinder, delay, or defraud any creditor of the debtor; . . . .

57. N.J.S.A. 25:2-25(a) applies to all of the Transfers made before August 10, 2021, and N.J.S.A. 25:2-25(a)(1) applies to all of the Transfers made after August 10, 2021, if any.

58. Upon information and belief, the Transfers were made with actual intent to hinder, delay, or defraud the other creditors of the Debtor.

59. Plaintiff represents the interest of creditors of the Debtor's estate whose claims arose both before and after the transfers were made to/or for the benefit of the Defendants.

60. As a result of the Debtor's aforesaid actions, the Transfers were fraudulent pursuant to N.J.S.A. 25:2-25.

61. Pursuant to 11 U.S.C. § 544(b), the Trustee may avoid the Transfers.

WHEREFORE, Plaintiff Charles M. Forman demands judgment against the Defendants, jointly and severally, as follows:

    (a)    Determining that the Transfers were fraudulent and avoidable pursuant to 11 U.S.C. § 544(b) and N.J.S.A. 25:2-25;

    (b)    ordering that the Transfers are hereby avoided;

    (c)    directing that Defendants surrender and deliver a sum equal to the amount of the Transfers to the Trustee forthwith;

    (d)    for costs of suit;

    (e)    for pre- and post-judgment interest; and

    (f)    for such other relief as the Court may deem just and equitable.

## THIRD COUNT
### 11 U.S.C. § 544(b)/ N.J.S.A. § 25:2-25

**NEW JERSEY CONSTRUCTIVE FRAUD**

62. Plaintiff repeats and realleges the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

63. Plaintiff represents the interest of creditors of the Debtor's estate whose claims arose both before and after the Transfers.

64. For all Transfers occurring prior to August 10, 2021:

> [a] transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
>
> . . . .
>
> b. Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
>
>    (1) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
>
>    (2) Intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they become due.

65. For all Transfers made after August 10, 2021:

> a. A transfer made or obligation incurred by a debtor is voidable as to a creditor, whether the creditor's claim arose before or after the

transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

. . . .

(2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:

(a) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

(b) Intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they become due.

66. N.J.S.A. 25:2-25(b) applies to all of the Transfers made before August 10, 2021, and N.J.S.A. 25:2-25(a)(2) applies to all of the Transfers made after August 10, 2021, if any.

67. The Transfers were made without the Debtor receiving a reasonably equivalent value in exchange, and the remaining assets of the Debtor were unreasonably small in relation to the Debtor's business, and/or the Debtor should reasonably have believed that the Debtor would incur debts beyond its ability to pay as they became due.

68. The Transfers were made without the Debtor receiving a reasonably equivalent value in exchange and the Debtor was insolvent or became insolvent at the time of the Transfers.

69. Alternatively, the Debtor received less than a reasonably equivalent value in exchange for the Transfers and was engaged in a business for which the Debtor's remaining property was unreasonably small.

70. Alternatively, the Debtor received less than a reasonably equivalent value in exchange for the Transfers and the Debtor incurred debts beyond the Debtor's ability to repay.

71. As a result of the Debtor's aforesaid actions, the Transfers were constructively fraudulent pursuant to N.J.S.A. 25:2-25.

72. Pursuant to 11 U.S.C. § 544(b), the Trustee may avoid the Transfers made during the four-year period preceding the Petition Date.

WHEREFORE, Plaintiff Charles M. Forman demands judgment against the Defendants, jointly and severally, as follows:

    (a)    Determining that the Transfers were fraudulent and avoidable pursuant to 11 U.S.C. § 544(b) and N.J.S.A. 25:2-25;

    (b)    ordering that the Transfers are hereby avoided;

    (c)    directing that Defendants surrender and deliver a sum equal to the amount of the Transfers to the Trustee forthwith;

    (d)    for costs of suit;

    (e)    for pre and post judgment interest; and

    (f)    for such other relief as the Court may deem just and equitable.

### FOURTH COUNT
### 11 U.S.C. § 544/N.J.S.A. 25:2-27(a)

73. Plaintiff repeats and realleges the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

74. Plaintiff represents the interest of creditors of the Debtor's estate whose claims arose both before and after the Transfers.

75. N.J.S.A. 25:2-27(a) permits a transfer made or obligation incurred by a debtor to be avoided by a creditor in existence prior to the transfer based on constructive fraud.

76. For all Transfers occurring prior to August 10, 2021:

> a. A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

77. For all Transfers made after August 10, 2021:

> a. A transfer made or obligation incurred by a debtor is voidable as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation. . . .

78. N.J.S.A. 25:2-27(a) applies to all of the Transfers made before August 10, 2021, and the revised N.J.S.A. 25:2-27(a) applies to all of the Transfers made after August 10, 2021, if any.

79. The Debtor did not receive reasonably equivalent value in exchange for the Transfers.

80. The Debtor was insolvent at the time that it made the Transfers or became insolvent as a result of the Transfers.

81. As a result of Debtors' aforesaid actions, the Transfers were fraudulent pursuant to N.J.S.A. 25:2-27(a).

82. Pursuant to 11 U.S.C. § 544(b), the Trustee may avoid the Transfers made during the four-year period preceding the Petition Date.

WHEREFORE, Plaintiff Charles M. Forman demands judgment against the Defendants, jointly and severally, as follows:

    (a) Determining that the Transfers were fraudulent and avoidable pursuant to 11 U.S.C. § 544(b) and N.J.S.A. 25:2-27;

    (b) ordering that the Transfers are hereby avoided;

    (c) directing that Defendants surrender and deliver a sum equal to the amount of the Transfers to the Trustee forthwith;

    (d) for costs of suit;

(e) for pre and post judgment interest; and

(f) for such other relief as the Court may deem just and equitable.

## FIFTH COUNT
## 11 U.S.C. § 550

83. Plaintiff repeats and realleges the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

84. Pursuant to 11 U.S.C. § 550, to the extent that a transfer is avoided under 11 U.S.C. §§ 544 or 548, the Trustee may recover the property transferred or the value of such property for the benefit of the estate.

85. The Defendants were the transferees of the Transfers.

86. Either the transfers at issue or the value of the Transfers may be recovered by Plaintiff, as Trustee.

WHEREFORE, Plaintiff Charles M. Forman demands judgment against the Defendants, jointly and severally, as follows:

(a) Voiding the transfer of the sums described;

(b) for the sums described;

(c) for pre- and post-judgment interest, attorneys' fees, and costs of suit; and

(d) for such other relief as the Court may deem just and equitable.

## SIXTH COUNT
## 11 U.S.C. 502(d)

87. Plaintiff repeats and realleges the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

88. The Defendants were the initial transferee of the Transfers.

89. Pursuant to 11 U.S.C. § 502(d), any claim of the Defendants against the Debtor must be disallowed until such time as the Defendants pay to Plaintiff an amount equal to the aggregate amount of all the avoided Transfers, plus interest thereon and costs.

WHEREFORE, Plaintiff Charles M. Forman respectfully requests that this Court grant judgment as follows:

(a) Pursuant to 11 U.S.C. § 502(d), disallowing any proof of claim of the Defendants asserted in the Debtor's main bankruptcy case; and

(b) for such other relief as the Court may deem just and equitable.

### RESERVATION OF RIGHTS

Plaintiff reserves the right to bring all other claims or causes of action that Plaintiff may have against the Defendants, on any and all grounds, as allowed under the law or in equity.

Plaintiff further reserves the right to supplement and amend the allegations of this Complaint including, without limitation, the monetary amounts being sought including all transfers to the Defendants within the four-year period preceding the Petition Date.

Respectfully submitted,

**FORMAN HOLT**
Attorneys for Plaintiff, Charles M. Forman as Chapter 7 Trustee

By: */s/ Michael E. Holt*
Michael E. Holt

Dated: December 1, 2023

{F0204224 - 1}                              15